UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ANNIE MORGAN, individually and on behalf of a class of all persons and entities similarly situated,<br><br>        Plaintiff<br><br>vs.<br><br>VICKY'S MARKETING, INC. d/b/a VICKIE'S MARKETING<br><br>        Defendant. | Case No. 5:22-cv-407<br><br>FIRST AMENDED COMPLAINT-CLASS ACTION |

Annie Morgan, individually and on behalf of others similarly situated, alleges the following against Defendant Vickey's Marketing, Inc. d/b/a Vickie's Marketing ("Vickie's Marketing" or "Defendant").

## I. NATURE OF ACTION

1. As the Supreme Court explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

1

2. Plaintiff Annie Morgan ("Plaintiff") brings this action under the TCPA alleging Vickie's Marketing sent her and other putative class members pre-recorded telemarketing calls for purposes of promoting their goods and services without their prior express written consent.

3. Because the calls were transmitted using technology capable of generating thousands of similar calls per day, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who were sent the same illegal telemarketing call with a prerecorded message.

4. A class action is the best means of obtaining redress for the Defendant's illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## II.     PARTIES

5. Plaintiff Annie Morgan is an Ohio resident in this District.

6. Defendant Vickey's Marketing, Inc. d/b/a Vickie's Marketing is a Florida corporation that makes calls into Ohio.

## III.     JURISDICTION & VENUE

7. The Court has federal question subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under a federal law, the TCPA.

8. The Defendant is subject to personal jurisdiction in this Court as it made calls into this District.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the automated calls to the Plaintiff were sent into this District.

## IV.     TCPA BACKGROUND

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

**A.      The TCPA prohibits automated calls to cellular telephones**

11.     The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A).

12.     The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

13.     According to findings by the Federal Communication Commission ("FCC"), the agency that Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.

14.     The FCC also recognized that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014, 14115 ¶ 165 (2003).

15.     In 2012, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. Specifically, it ordered that:

> [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service."

*In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,* 27 FCC Rcd 1830, 1844 (2012) (footnotes omitted).

3

**B.     The TCPA Prohibits Calls to Numbers on the National Do Not Call Registry.**

16.     The TCPA also prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c)(5).

17.     The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

18.     A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

19.     The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provide a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**V.     FACTUAL ALLEGATIONS**

20.     Vickie's Marketing provides attorney referral services to consumers, including individuals that have been in automobile accidents.

21.     Vickie's Marketing uses automated telemarketing calls to send prerecorded messages to promote its products and services and solicit new clients.

22.     Plaintiff was in an automobile accident on December 7, 2021.

23.     Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

24.     Plaintiff has never been a Vickie's Marketing customer and never consented to receive calls from Vickie's Marketing.

25.     On December 8, 2021, Plaintiff received multiple prerecorded telemarketing calls on her personal and residential cellular telephone number (513) 266-XXXX, which has been listed on the National Do Not Call Registry since June 30, 2003.

4

26. The calls were sent from Caller ID number 513-216-2470.

27. On one such call, the Defendant left a pre-recorded voicemail directing her to call the Defendant.

28. Plaintiff was not interested in Defendant's chiropractic services.

29. Plaintiff received another call from the Defendant approximately one hour later, Plaintiff answered the call and immediately advised the Defendant to stop calling and then terminated the call.

30. Other consumers have complained about receiving similar calls from 513-216-2470. This is an example of the prerecorded message received by another consumer from this number:



*See* https://directory.youmail.com/directory/phone/5132162470 (Last Visited March 10, 2022).

31. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up, they were charged for the calls, and their privacy was improperly invaded.

5

32. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, harassing, and a nuisance, and they disturbed the solitude of Plaintiff and the class.



My friend got a call from this number about the car accident we were in. I have no idea how they got his phone number since mine was on the police report but his was not, really creepy that they knew we were in an accident and I definitely would suggest reporting this to your police department as a possible data breach on their end.

Reported Caller Name: Unknown

 

Nathan Long
10/20/21, 6:13 AM



Calling 3 times before 9 am on same day. Nobody calls me before nine so I didn't answer, not knowing the number, I knew it was a scam. No voicemails - they are legally only allowed to call and leave one voicemail per day- anything beyond that is legally considered harassment.

 

Kay
8/11/21, 6:25 AM

*See Id.* (Last Visited March 10, 2022).

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

> **Prerecorded Calls Class:** All persons within the United States: (1) to whose cellular telephone number or other number for which they are charged for the call (2) Defendant (or an agent acting on behalf of Defendant) placed a telemarketing call (3) within the four years prior to the filing of the Complaint (4) using an identical or substantially similar prerecorded message used to place the telephone call to Plaintiff.
>
> **National Do Not Call Registry Class:** All persons within the United States: (1) whose telephone numbers were on the National

>Do Not Call Registry for at least 31 days; (2) but who received more than one telephone solicitation call from Defendant or a third party acting on Defendant's behalf; (3) within a 12-month period; (4) within the four years prior to the filing of the Complaint.

34. Plaintiff is a member of and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the Class members.

35. Excluded from the Classes are counsel, Defendant, and any entities in which Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

36. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, the use of their telephone power and network bandwidth, and the intrusion on their telephone that occupied it from receiving legitimate communications.

37. This Class Action Complaint seeks injunctive relief and money damages.

38. The Classes, as defined above, are identifiable through Defendant's dialer records, other phone records, and phone number databases.

39. Plaintiff does not know the exact number of members in the Classes, but Plaintiff reasonably believes Class members number, at minimum, in the hundreds.

40. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.

41. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

42. There are well defined, nearly identical, questions of law and fact affecting all parties. The questions of law and fact, referred to above, involving the class claims predominate over questions that may affect individual Class members.

43. There are numerous questions of law and fact common to Plaintiff and to the proposed Classes, including, but not limited to, the following:

    a. Whether the Defendant used prerecorded messages to send calls;

b. Whether Defendant made calls to Plaintiff and members of the Prerecorded Call Class without first obtaining prior express written consent to make the calls;

c. Whether Defendant made multiple calls to Plaintiff and members of the National Do Not Call Registry Class;

d. Whether Defendant's conduct constitutes a violation of the TCPA; and

e. Whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

44. Further, Plaintiff will fairly and adequately represent and protect the interests of the Classes. Plaintiff has no interests which are antagonistic to any member of the Classes.

45. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and especially TCPA class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the other members of the Classes, and have the financial resources to do so.

46. Common questions of law and fact predominate over questions affecting only individual Class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of Class members, which will be ascertainable from records maintained by Defendant and/or its agents.

47. The likelihood that individual members of the Classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

48. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(b)**
**(on behalf of Plaintiff and the Prerecorded Call Class)**

49. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

50. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to the cellular telephone numbers of Plaintiff and members of the Prerecorded Call Class delivering prerecorded messages.

51. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Prerecorded Call Class presumptively are entitled to an award of $500 in damages for each and every call made to their residential or cellular telephone numbers using an artificial or prerecorded voice in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

52. If the Defendant's conduct is found to be knowing or willful, Plaintiff and members of the Prerecorded Call Class are entitled to an award of up to treble damages.

53. Plaintiff and members of the Prerecorded Call Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any cellular telephone numbers using an artificial or prerecorded voice in the future.

## SECOND CAUSE OF ACTION
**Violation of the Telephone Consumer Protection Act, 47 U.S.C. §227(c)(5) and 47 C.F.R. § 64.1200(c)**
**(on behalf of Plaintiff and the National Do Not Call Registry Class)**

54. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

55. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiff and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

56. Defendant's violations were negligent, willful, or knowing.

57. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are entitled to an award of up to $500 and in damages for each and every call made and up to $1,500 in damages if the calls are found to be willful.

58. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Classes;

B. Appointment of Plaintiff as representative of the Classes;

C. Appointment of the undersigned counsel as counsel for the Classes;

D. A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E. An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telephone calls advertising their goods or services, except for emergency purposes, to any number using a prerecorded message;

F. An award to Plaintiff and the Class, as a result of Defendant's negligent, willful and/or knowing violations of 47 C.F.R. § 64.1200(c), of up to $1,500 for each and every violation of the TCPA and of up to treble damages, as provided by statute; and

G. Orders granting such other and further relief as the Court deems necessary, just, and proper.

**VII.     JURY DEMAND**

Plaintiff requests a jury trial as to all claims of the Complaint so triable.

Respectfully submitted for Plaintiff,

*/s/ Anthony Paronich*
Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln St., Suite 2400
Hingham, MA 02043
617-485-0018
anthony@paronichlaw.com
*Pro Hac Vice*

Brian T. Giles (0072806)
THE LAW OFFICES OF BRIAN T. GILES
1470 Apple Hill Road
Cincinnati, Ohio 45230
Telephone:  (513) 379-2715
Brian@GilesFirm.com

Raina Borrelli
TURKE & STRAUSS LLP
613 Williamson Street, 201
Madison, WI 53703
Tel: 608-237-1775
raina@turkestrauss.com
*Pro Hac Vice*

*Attorneys for Plaintiff*